

Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6529 | **DATE** | 5/29/2003 |
| **CASE TITLE** | Jones vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying plaintiff's motion to vacate, set aside, or correct his sentence. Judgment is therefore entered in favor of defendant and against plaintiff. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | MAY 3 0 2003 date docketed | 16 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | AR docketing deputy initials | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 5/29/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | MPJ mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LATIDTUS JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 02 C 6529 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Latidtus Jones pled guilty to bank robbery and was sentenced to 153 months imprisonment. Following a challenge to his sentence on appeal, the Seventh Circuit remanded for resentencing. *United States v. Jones*, 235 F.3d 342 (7th Cir. 2000). On remand, Mr. Jones was sentenced to 100 months imprisonment. When Mr. Jones again appealed his sentence, his attorney at the time moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), claiming that he could not discern a nonfrivolous issue for appeal.[1] After reviewing counsel's *Anders* brief and Mr. Jones' response, the Seventh Circuit concluded that no nonfrivolous

---

[1] *Anders* announced the following rule:
[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court-- not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.
386 U.S. at 744.

argument could be raised in support of the appeal. *United States v. Jones*, No. 02-1279, 2002 WL 1558613, at \*\*1 (7th Cir. July 12, 2002) (unpublished order). Mr. Jones' counsel was permitted to withdraw and the appeal was dismissed. Mr. Jones, acting *pro se*, now brings a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. I deny the motion.

Mr. Jones asserts seven grounds for his § 2255 motion: (1) ineffective assistance of counsel at the plea hearing, (2) ineffective assistance of counsel at the first sentencing hearing, (3) ineffective assistance of counsel on the first appeal, (4) ineffective assistance of counsel at the resentencing hearing, (5) ineffective assistance of counsel on the second appeal, (6) unlawful guilty plea, and (7) unlawful sentencing.

I. Grounds (1)-(5): Ineffective Assistance of Counsel

The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *Massaro v. United States*, 123 S. Ct. 1690, (2003). The Court in *Massaro* made clear, however, that ineffective assistance of counsel claims are an exception to this general rule, and "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id* at 1694. Thus, Mr. Jones may raise his ineffective assistance claims here.

In order to prevail on a claim of ineffective assistance of counsel, Mr. Jones must demonstrate that the performance of his counsel was deficient, and that he was prejudiced by the deficient performance. *Kitchen v. United States*, 227 F.3d 1014, 1019-20 (7th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Judicial review of attorney performance is highly deferential, and there is a strong presumption that the attorney's performance was reasonable. *Strickland*, 466 U.S. at 689. Even if Mr. Jones' counsel's performance was deficient, Mr. Jones must show that there is a reasonable probability that, but for the deficient performance, the result of the proceedings would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

A. The Plea Hearing

Mr. Jones first contends that he was denied effective assistance of counsel with respect to his plea hearing. Mr. Jones argues that his attorney spent insufficient time with him prior to the plea hearing, such that Mr. Jones was unable to advise his counsel of the entire story surrounding the bank robbery, and that his counsel was unable to adequately explain the meaning and ramifications of the guilty plea. Mr. Jones' attorney was also unaware of the fact that Mr. Jones had in the past been committed to a mental hospital. The limited amount of time spent between Mr. Jones and his counsel, as well as Mr. Jones' prior commitment to a

3

mental hospital were brought to my attention at the sentencing hearing, where I found that Mr. Jones was competent to offer a guilty plea, that he felt he had sufficient time with his attorney, and that he understood the nature and ramifications of the proceedings. (Dec. 7, 1999 Hearing Tr. at 4-15.) Mr. Jones' counsel's performance at the plea hearing was not deficient, nor does it undermine confidence in the outcome of that hearing.

B. The First Sentencing Hearing

Mr. Jones next argues that he received ineffective assistance of counsel at his first sentencing hearing. Specifically, he claims that his attorney failed to contest a sentencing enhancement for an attempted carjacking, failed to contest an enhancement for using a threat of death, and failed to contest placement of Mr. Jones in criminal history Category VI.[2]

Counsel's failure to contest the enhancement for the attempted carjacking does not constitute ineffective assistance. United States Sentencing Guideline § 2B3.1(b)(5) provides for a two-level enhancement for a robbery if the offense involved a carjacking. Carjacking is defined as "the taking or attempted taking of a motor vehicle from the person or presence of another by force and violence or by intimidation." U.S.S.G. § 2B3.1(b)(5) application

---

[2] Mr. Jones also asserts that his counsel "deceived" him when he told Mr. Jones that Vicky Peters was not going to be present for the sentencing. Mr. Jones fails to explain the significance of this alleged deception, however, and it will therefore not support a finding of ineffective assistance.

4

note 1. Mr. Jones argues that the carjacking allegation was "trumped up and a farce," and that he "simply attempted to coax a lady to let him use her car." (Pl.'s Mot. at 4b.) While Mr. Jones' counsel did not contest the carjacking enhancement, he was successful in challenging an enhancement for reckless endangerment during flight under U.S.S.G. § 3C1.2, based in part on the fact that I considered that enhancement as double counting the attempted carjacking. (Mar. 10, 2000 Hearing Tr. at 3.) Counsel's tactical decision not to contest the carjacking enhancement but instead to contest the reckless endangerment as double counting does not constitute deficient performance. *See United States v. Booker*, 981 F.2d 289, 293 (7th Cir. 1992) (where there exists a valid tactical reason that could explain counsel's actions, there is no deficient performance).

Further, even if the failure to contest the carjacking enhancement was deficient, it was not prejudicial because it does not undermine confidence in the outcome. Mr. Jones, who is six feet three inches tall and weighs over two hundred pounds, admitted in his plea that while running from the police he entered a parked car in which a woman was sitting and "asked her for a ride or asked her to please let him use her car." (Dec. 7, 1999 Tr. at 16-17.) Regardless of the government's characterization of the incident, the facts to which Mr. Jones admitted in his plea are sufficient for application of the carjacking enhancement. Force or violence

is not required for application of the enhancement; intimidation in the attempted taking of a vehicle is sufficient. The Seventh Circuit has defined intimidation as "saying or doing something in such a way as would place a reasonable person in fear." *United States v. Hill*, 187 F.3d 698, 700-01 (7th Cir. 1999) (alterations omitted).[3] An explicit threat or display of a weapon is not necessary. *Id.* at 701 ("[E]ven though [defendant] did not expressly threaten [a bank teller] or display a weapon, his actions can be characterized as intimidating."). A large man running and entering a parked car in which a woman is sitting and then asking for a ride or to use the car would place a reasonable person in that woman's position in fear. *Cf. United States v. Caldwell*, 292 F.3d 595, 597 (8th Cir. 2002) (defendant's act of jumping over bank counter into teller area was intimidating to a reasonable person, even though defendant did not speak or give any indication he had a weapon). Even though the woman involved here in fact did not give up her automobile, whether or not she herself was intimidated is irrelevant. *Hill*, 187 F.3d at 702. Mr. Jones' action was

---

[3] Although *Hill* did not involve interpretation of the carjacking enhancement at issue here, it involved interpretation of the federal bank robbery statute, which uses similar language. *See* 18 U.S.C. § 2113(a) ("Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another ... any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association ... [s]hall be fined under this title or imprisoned not more than twenty years, or both.")

objectively intimidating, even under his own version of the incident, and application of the carjacking enhancement was appropriate. Counsel's failure to contest it was therefore not prejudicial.

Likewise, counsel's failure to contest the threat of death enhancement also does not constitute ineffective assistance of counsel. U.S.S.G. § 2B3.1(b)(2)(F) provides for a two-level enhancement "if a threat of death was made" during a robbery. Here, Mr. Jones presented a written note to a bank teller that read "Look, pass over the $$. No one gets hurt. I have a gun. Now fast." (Presentence Investigation Report at 4) (hereinafter PSI). Under the guidelines, a threat of death can consist of a written statement. U.S.S.G. § 2B3.1 application note 6. Further, it is well settled in this circuit that the statement "I have a gun" constitutes a threat of death under § 2B3.1(b)(2)(F). *United States v. Gibson*, 155 F.3d 844, 846 (7th Cir. 1998) (looking not at grammar or perspective of bank robber, but at perspective of reasonable bank teller in determining that "I have a gun" was a threat of death). It is true that this rule is not absolute. *Id.* at 847 ("It is conceivable that unusual mitigating circumstances accompanying this statement could deprive the words of their ordinary and expected meaning.") (internal quotations omitted). However, Mr. Jones points to no "unusual mitigating circumstances" that would make the note not a threat of death. His argument is

thus, as it was at the time of sentencing, a clear loser. Counsel's failure to pursue a fruitless argument is neither deficient performance nor, by definition, prejudicial.

Mr. Jones' argument regarding Category VI criminal history is likewise unavailing. The PSI assessed Mr. Jones thirty criminal history points, placing him in Category VI. Mr. Jones argues that several of the offenses for which he was awarded criminal history points were consolidated and were offenses for which he was sentenced to six months probation to run concurrently with one another. U.S.S.G. § 4A1.2(b) indicates that sentences in "related cases" are to be treated as one sentence for purposes of assigning criminal history points. There are six offenses in the PSI that indicate Mr. Jones was sentenced on the same day to the same sentence of six months probation. Even if all these offenses were "related" as defined by the guidelines however, treating them as a single offense does not bring Mr. Jones out of Category VI. Each offense was assigned two criminal history points. Treating all six offenses as a single offense would reduce Mr. Jones' criminal history score by only ten points. Thus, he would still have a criminal history score of twenty, placing him well within Category VI. See U.S.S.G. § 5A (sentencing table) (13 or more criminal history points places defendant in Category VI). Mr. Jones'

counsel's failure to raise this argument at the sentencing hearing was therefore neither deficient nor prejudicial.[4]

Mr. Jones also argues that he received ineffective assistance at the first sentencing because his attorney failed to assist him in attempting to withdraw his guilty plea and by failing to request that Mr. Jones be evaluated for competency before sentencing. During the first sentencing, Mr. Jones filed, without the assistance of counsel, a motion to withdraw his guilty plea. His motion was cogent and I fully addressed his arguments at the sentencing hearing where I denied the motion. (May 19, 2000 Hearing Tr. at 2-6.) Counsel's assistance on this issue would have been fruitless. His performance was therefore neither deficient nor prejudicial.

Likewise, counsel's failure to request that Mr. Jones be examined prior to sentencing does not constitute ineffective

---

[4] At the first sentencing hearing, I found Mr. Jones to be a career offender under U.S.S.G. § 4B1.1, which placed him in Category VI regardless of his criminal history score. U.S.S.G. § 4B1.1(b). One could argue, then, that counsel's failure to contest the criminal history score at the first sentencing was not deficient because the score didn't matter then. As the finding of career offender status was reversed by the Seventh Circuit, however, failure to contest the criminal history score may have been deficient and prejudicial if that failure waived Mr. Jones' ability to raise the argument at resentencing. (Jan. 18, 2002 Hearing Tr. at 5) (limiting consideration of issues at resentencing to scope of the remand). Because as noted, however, Mr. Jones' criminal history score places him in Category VI regardless of whether the allegedly related cases are treated as a single prior offense, counsel's failure to contest the criminal history score at the first sentencing was not deficient or prejudicial, even if it waived the ability to raise the issue later.

assistance. Mr. Jones claims that there were serious doubts as to his competency at the time of the crime and throughout the proceedings. Having observed Mr. Jones personally and determined that he was competent to plead, (Dec. 7, 1999 Hearing Tr. at 3-8), I find that counsel's failure to request an examination was not deficient performance. For all the above reasons, Mr. Jones' counsel's performance at the first sentencing hearing did not constitute ineffective assistance of counsel.

### C. The First Appeal

Mr. Jones next argues that he received ineffective assistance of counsel on his first appeal. This claim is simply a rehashing of his ineffective assistance claims made with respect to the plea hearing and the first sentencing. He claims that counsel's performance on the first appeal was deficient and prejudicial because he failed to argue the carjacking enhancement, the death threat enhancement, the criminal history score, the unknowing and involuntary nature of the guilty plea, and the competency of Mr. Jones. For the reasons discussed above, counsel's failure to raise these issues on appeal was not deficient performance.

### D. The Resentencing

Mr. Jones next argues that he received ineffective assistance of counsel at the resentencing. He complains that counsel failed to attack the guilty plea, but as discussed above, this argument would have been fruitless because there was nothing improper about

Mr. Jones' guilty plea, and I had already denied a motion to withdraw it. Mr. Jones also complains that counsel failed to contest the criminal history score. Again, as noted above, this argument would have been fruitless. Even if the allegedly related cases were treated as a single prior offense, Mr. Jones' criminal history score would have still placed him in Category VI. Counsel's performance at the resentencing does not constitute ineffective assistance.

E. The Second Appeal

Mr. Jones next argues that he received ineffective assistance of counsel on the second appeal, in which his attorney filed an *Anders* brief. While the filing of an *Anders* brief that fails to point out meritorious issues can, in principle, constitute ineffective assistance, *Steward v. Gilmore*, 80 F.3d 1205, 1213 (7th Cir. 1996), Mr. Jones claims only that his counsel failed to raise the adequacy of the guilty plea, the failure to hold a competency hearing, the carjacking enhancement, the threat of death enhancement, and the criminal history score. As discussed above, these issues are not meritorious, and thus counsel's failure to raise them in his *Anders* brief does not constitute ineffective assistance.

For all the reasons discussed above, I find that Mr. Jones was afforded effective assistance of counsel at every stage of his litigation.

II. Grounds (6) and (7): Unlawful Guilty Plea and Sentencing

Mr. Jones' last two grounds for relief are that his guilty plea was unlawfully induced and not made knowingly and voluntarily, and that his sentence was unlawfully imposed based on the carjacking enhancement, the threat of death enhancement, and his criminal history score. These arguments have been adequately addressed in my discussion of his ineffective assistance of counsel claims, and I see no need to elaborate here. Mr. Jones's guilty plea and sentencing were valid.

III. Conclusion

Plaintiff's motion to vacate, set aside, or correct his sentence is DENIED.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: May 24, 2003